**ORMAN v. SHUTTLEWORTH et al.**

No. 4497.

Court of Civil Appeals of Texas. El Paso.

Feb. 13, 1947.

Kelley, Looney, McLean & Enochs, of Edinburg, for appellant.

Strickland, Ewers & Wilkins, of Mission, for appellees.

SUTTON, Justice.

This is an appeal from a judgment of the 93rd District Court of Hidalgo County.

The appellee Shuttleworth, and nine others as plaintiffs against the appellant, sought and obtained a permanent injunction perpetually enjoining the defendant from obstructing, filling, or interfering with the maintenance of an irrigation ditch in its present condition as the same passes through property belonging to the defendant, to-wit: Lots 16 and 17 in Block 65 of the town of San Juan, Hidalgo County, Texas.

The trial was to the Court, which rendered judgment as indicated above and from which this appeal is prosecuted.

The Court filed findings of fact and conclusions of law.

The defendant has four points of error. They are, briefly, that the court erred in

granting the injunction. because the court made no finding the plaintiffs had used the ditch adversely to the defendant and his predecessors in title; that there was no evidence the plaintiff M. E. Burkhart, and those under whom he claims had used the ditch adversely to defendant and his predecessors for a ten-year period prior to the acts complained of, and raised the same as to the other nine, and the fourth is that the trial court erred in granting the injunction based on the fact that the plaintiffs were entitled to the use of the ditch as a way of necessity. The plaintiffs admit they are not entitled to it from necessity, and say they did not seek it on such ground, and it will not be necessary to discuss that point. The other three are treated together by all parties.

· The plaintiffs pleaded and claimed certain real property, certain described lots in the town of San Juan situated below, or down the street from defendant's lots 16 and 17 and claimed they and those under whom they claim had each used water brought to their respective properties through the ditch involved here, which ran approximately along the common line between lots 16 and 17, for more than ten years prior to the acts complained of; that they and their predecessors had each held, owned, used and possessed for a period of more than ten years the use of and the right to use said canal and the water flowing through it for the purposes of watering and irrigating their said lands. They otherwise set out the uses to which the water was applied on their premises, about which no question is presented here other than as indicated by the points, and no questions are presented on the pleadings of either party.

The Court found the lands of plaintiffs are served by the irrigation facilities of Hidalgo County Water Improvement District No. 2; that the water is brought through the canal in question from the system of said District, and that such canal has served plaintiffs' lands and been in use for approximately twenty years by the plaintiffs or their predecessors in title; that the defendant, in November 1945, when he purchased his lots had knowledge, actual and constructive, of the existence of said canal.

The court further found that the District designates the places and points from which water must be taken from its main canals; that the topography of the lands in question is such that no other location for a lateral or canal to plaintiffs' lands will be as practical or feasible as the present location, which has been in· use for some twenty years. As claimed by plaintiffs, the Court found the defendant obstructed the canal in question and prevented the plaintiffs from taking water through such canal, and unless restrained ·he will continue to do so.

The court concluded the plaintiffs, under the facts and law, were entitled to continue the use of the ditch and that the defendant should be restrained from interfering therewith.

▇▇▇ We think the contention of defendant that the judgment can not be maintained because the court did not find there had been an adverse use and that there is no evidence that the use had been adverse by the plaintiffs for the requisite period of time can not be sustained. It is true there is no express finding in words that the user was adverse, but he did find the canal had been in use for some twenty years by plaintiffs and their predecessors in title and the lands owned by them served thereby. The testimony is the canal was built in 1921, and has been used and maintained continuously until now and used to bring water to the adjacent lands for that full period of time. The testimony discloses water has been brought through the ditch for such use whenever needed and desired without question or objection until obstructed by defendant. The Court concluded the plaintiffs had the right to the unobstructed use of the ditch under the facts and law. That right was claimed by prescription and it must follow that was the basis of the court's finding and conclusion, regardless of whether or not it was expressed in terms of "adverse use" or not. It is true adverse claim must be proved in some way by legal evidence but that proof may be made circumstantially by the character of the use of the property and the circumstances connected with its possession. If from a consideration thereof they are sufficient to indicate the purpose was to claim the right and to assert an adverse use they should be given that effect,

although the claimant did not openly declare his purpose or the character of his claim. 15 T.J., Sec. 21, pp. 793, 794, and the authorities cited in notes 9 and 10. To the same effect is 28 C.J.S., Easements, Secs. 14, a and b, pp. 652-654. The evidence overwhelmingly supports the court's finding and conclusion, and is such as to compel the conclusion the purpose was to claim the right and to assert an adverse use.

It is our opinion the points presented and briefed establish no error in the trial court and the judgment below is affirmed.